UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHYLLIS HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-00824-TWP-MPB |
| THE TRUSTEES OF PURDUE UNIVERSITY Purdue Extension Central District, | ) ) ) ) |
| Defendant. | ) ) |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant, the Trustees of Purdue University ("the Trustees") ([Filing No. 14](Filing No. 14)). Plaintiff Phyllis Harris ("Ms. Harris") filed this action against her former employer to remedy violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, specifically by discriminating against her due to her race. The Trustees move to dismiss Count Three of the Complaint on the basis that the Eleventh Amendment immunizes them from state law tort claims filed in federal court. For the reasons that follow, the Court **GRANTS** the partial Motion to Dismiss.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of the Plaintiffs. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Ms. Harris, an African-American woman, was an employee of Purdue University at the Central District Extension. (Filing No. 1 at 1-3.) She alleges that her supervisor, Steve Wagner ("Mr. Wagner") harassed and discriminated against her on the basis of her race. (Filing No. 1 at 1-4.) Specifically, Mr. Wagner told her that she "might be stupid" (Filing No. 1 at 4), and Mr. Wagner conducted regular meetings with Caucasian staff members, but never met with her. (Filing No. 1 at 5.) In addition, Mr. Wagner began disciplining her based on fabricated reasons. (Filing No. 1 at 5.) After continuing discipline and performance warnings, Ms. Harris' employment was terminated on October 19, 2015. (Filing No. 1 at 5.)

Ms. Harris' Complaint alleges three counts, two pursuant to federal statute and one state law claim: (1) discrimination on the basis of race under Title VII; (2) retaliation under Title VII; and (3) intentional infliction of emotional distress under Indiana state law (Filing No. 1). The Trustees move to dismiss Count Three, the state law claim for intentional infliction of emotional distress, under Federal Rule of Civil Procedure 12(b)(6). (Filing No. 15.) Ms. Harris did not file a response to the Trustees' Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski* at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the

2

Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> [T]he record under 12(b)(6) is limited to the language of the complaint and to those matters of which the court may take judicial notice. The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss. By the same token, the defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence.

*Gomez v. Illinois State Bd. of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987) (citation omitted).

### III. DISCUSSION

The Trustees move to dismiss Count Three of Ms. Harris' Complaint on the basis that the Eleventh Amendment immunizes them from state law tort claims filed in federal court.

The Court begins by noting that Ms. Harris has failed to respond to the Trustees' Motion to Dismiss. If a plaintiff fails to respond to a motion to dismiss, the court may conclude that the plaintiff has waived her argument. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir.

3

2010). As the Seventh Circuit has stated repeatedly, "[o]ur system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning... ." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999) (citations omitted).

While the Court concludes that Ms. Harris has waived any argument in opposition to the Motion to Dismiss, the merits of the Trustees' Motion also supports a grant of dismissal. The Court briefly addresses the Trustees' argument.

The Eleventh Amendment provides that [t]he "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974) (internal citations omitted). That Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, unless the state entity waives immunity. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't,* 510 F.3d 681, 694-95 (7th Cir. 2007).

The Seventh Circuit has concluded that Purdue University is an instrumentality of the State of Indiana, "enjoying its sovereign immunity." *Kashani v. Purdue Univ.,* 813 F.2d 843, 845 (7th Cir. 1987). The Seventh Circuit has also cited approvingly the conclusion that the Board of Trustees of Purdue University is a political arm of the state, which is also entitled to immunity. *Peirick,* 510 F.3d at 696-97 (citing *Wasserman v. Purdue Univ.,* 431 F.Supp.2d 911, 916 (N.D.

Ind. 2006) ("[T]he Board of Trustees [of Purdue University] is a political arm of the state which is immune to suit.")).

The Trustees have objected to being subjected to suit, and therefore have not waived immunity. For the reasons described above, including that Ms. Harris has not responded to the Trustees' Motion, the Court concludes that the Trustees are entitled to dismissal on Count Three.

### IV. CONCLUSION

For the foregoing reasons, the Trustees' partial Motion to Dismiss ([Filing No. 14](#)) is **GRANTED**. Count Three, alleging intentional infliction of emotion distress, is **dismissed with prejudice**.

**SO ORDERED.**

Date: 2/8/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Shaun Dalrymple
michaeld@dalrymple-law.com

William P. Kealey
STUART & BRANIGIN
wpk@stuartlaw.com